762 F.2d 1012
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ARLIE TAYLOR, PLAINTIFF-APPELLANT,
v.
MARGARET HECKLER, SECRETARY OF HEALTH AND HUMAN SERVICES,
DEFENDANT-APPELLEE.
 NO. 84-5236
 United States Court of Appeals, Sixth Circuit.
 3/14/85
 
 Appeal from the United States District Court for the Eastern District of Kentucky, London Division
 Before: MERRITT and KENNEDY, Circuit Judges; and WEICK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Arlie Taylor appeals the District Court's affirmance of the Secretary's denial of her application for supplemental security income disability benefits. Taylor claimed that she was disabled by a combination of low intelligence, psychological disorders, poor eyesight, and heart trouble. After a hearing, the Administrative Law Judge held that Taylor was not disabled because her medical condition did not amount to a 'severe impairment' under 20 C.F.R. Sec. 416.920(c). A finding of no severe impairment mandates a finding of non-disability, with no further analysis required. 20 C.F.R. Sec. 416.920(c). The question before this Court is therefore whether the Administrative Law Judge's finding of no severe impairment is supported by substantial evidence in the record considered as a whole. E.g., Richardson v. Perales, 402 U.S. 389, 401 (1971); Kirk v. Secretary of HHS, 667 F.2d 524, 535-36 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983).
 
 
 2
 20 C.F.R. Sec. 416.920(c) defines a 'severe impairment' as one 'which significantly limits your physical or mental ability to do basic work activities.' 'Basic work activities' are further defined in 20 C.F.R. Sec. 416.921(b). In his opinion the ALJ found that Taylor's psychological, eyesight, and heart problems did not 'preclude her from performing unskilled work-related activities.' These findings are supported by substantial evidence in the record, and must be accepted by this Court. The finding with respect to Taylor's low intelligence level presents some difficulty, however. The evidence established that Taylor's I.Q. was in the range of 60 to 69. The ALJ was of the opinion 'that claimant is suffering from mild mental retardation but no other impairment of such degree of severity as to preclude her from performing any form of substantial gainful activity of an unskilled nature.'
 
 
 3
 Nowhere in his opinion did the ALJ find that Taylor's mild mental retardation did not significantly limit her ability to do basic work activities, which is the standard required for a finding of no severe impairment. The definition of basic work activities includes several items, such as use of judgment and ability to understand simple instructions, which could quite possibly be limited by mild mental retardation. Instead of evaluating whether Taylor has such limitations, however, the ALJ found that claimant was not precluded from performing 'substantial gainful activity.' Such language is appropriate for a finding concerning disability, 42 U.S.C. Sec. 1382c(a)(3)(A), but does not reflect the standard for determining whether a severe impairment exists, which is the only question addressed by the ALJ. In particular, the ALJ's analysis would have been more pertinent to the question of whether Taylor had an impairment listed in Sec. 12.05(C) of appendix 1 to 20 C.F.R. Sec. 404: 'I.Q. of 60 to 69 inclusive . . . and a physical or other mental impairment imposing additional and significant work-related limitation of function.' Existence of a listed impairment requires a finding of disability, 20 C.F.R. Sec. 416.920(d), and therefore would logically imply a severe impairment. However, the failure to meet a listed impairment does not imply that no severe impairment exists. Since the ALJ failed to consider Taylor's evidence of mild mental retardation under the proper standard, his finding that Taylor had no severe impairment is not supported by substantial evidence.
 
 
 4
 This case must be remanded to the Secretary for a determination of whether Taylor's mild mental retardation constitutes a severe impairment as defined in 20 C.F.R. Sec. 416.920(c). If a severe impairment is found, the Secretary must of course go on to consider whether Taylor is disabled under 20 C.F.R. Sec. 416.920(d), (e) or (f).
 
 
 5
 Accordingly, the judgment of the District Court is reversed and the case is remanded with directions to remand to the Secretary for further proceedings not inconsistent with this opinion.